IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DASHAAN R. SMITH, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:24-cv-81-KAP |
| SUPERINTENDENT KLINEFELTER, | : |
| *et al.*, | : |
|     Defendants | : |

### Memorandum Order

Plaintiff Smith filed the complaint in this matter in April 2024 while he was in custody at S.C.I. Camp Hill, alleging an excessive use of force against him at S.C.I. Houtzdale on June 24, 2023. The Commonwealth has filed new criminal charges against Smith at Commonwealth v. Smith, CP-17-CR-873-2024 (C.P. Clearfield) alleging that Smith committed aggravated assault and other offenses on June 24, 2023. The public docket sheet indicates that those charges are pending trial. Plaintiff Smith is now at S.C.I. Forest, serving sentences previously imposed on him at one or more of Commonwealth v. Smith, CP-54-CR-655-2019 (C.P. Schuylkill) and Commonwealth v. Smith, CP-51-CR-8433-2014 (C.P. Philadelphia), and Commonwealth v. Smith, CP-51-CR-3773-2014 (C.P. Philadelphia).

Now that plaintiff Smith has filed motion to proceed *in forma pauperis,* ECF no. 6, the motion is granted:

In accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), (b)(1)-(2), the inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania the greater of twenty percent of the average monthly deposits to the plaintiff's inmate account for the six months prior to the date of this order, or twenty percent of the average balance of plaintiff's inmate account during the same time period; and in accordance with 28 U.S.C. § 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid, regardless of any dismissal of the complaint.

After screening this matter pursuant to the Prison Litigation Reform Act, I find that the outcome of the charges in Commonwealth v. Smith, CP-17-CR-873-2024 (C.P. Clearfield) will fundamentally affect the outcome of this complaint. It makes no sense to

1

go forward with this matter while events that may have preclusive effect in this court have yet to take place in state court. Proceedings in a civil suit paralleling a criminal prosecution have obvious disruptive effects on state court criminal prosecutions that the Supreme Court has commanded lower federal courts to avoid. *See* Younger v. Harris, 401 U.S. 37, 41 (1971), *modified by* Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 78 (2013)("*Younger* precluded federal intrusion into ongoing state criminal prosecutions.") *as noted by* Harmon v. Department of Finance, 811 Fed.Appx. 156, 157 (3d Cir. 2020). A court's duty of abstention is an issue to be raised *sua sponte*. *See* O'Neill v. City of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

Federal court intrusion in pending state court criminal prosecutions, if ever permitted, is limited to the very rare case where the statute on which the charges are based is flagrantly unconstitutional, or where the prosecution is objectively demonstrable (not just alleged) to be without evidentiary foundation and instead motivated by the defendant's race or constitutionally protected activity. *See* Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38, 40-41 (3d Cir.2017). The plaintiff does not allege such circumstances, and in light of what he does allege it is not plausible that he could.

Therefore, when plaintiff provides copies of his complaint and directions for service on the nine named defendants (Klinefelter, Sipes, Vereshack, Isenberg, McCoy, Meeker, Gordon, Oliver, and Reifer), the Marshal shall serve the complaint on the defendants so that they have notice of this suit. I am staying this matter until the end of the proceedings in Commonwealth v. Smith, CP-17-CR-873-2024 (C.P. Clearfield), including any trial and direct appeal. Defendants need not answer the complaint until plaintiff notifies this court that the proceedings in Commonwealth v. Smith, CP-17-CR-873-2024 (C.P. Clearfield) are completed.

The Marshal shall serve the complaint on defendants at the direction of the plaintiff (the Marshal shall send waiver of service forms first). Since the plaintiff is proceeding *in forma pauperis*, costs of service will be advanced by the United States.

DATE: October 29, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Dashaan R. Smith MM-3285        Inmate Account Officer
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239